**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5020**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AVERY WHEELER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Walter D. Kelley, Jr., District
Judge.  (2:05-cr-00113-WDK)

_____

Submitted:  March 26, 2007              Decided:  May 9, 2007

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Duncan R. St. Clair, III, ST. CLAIR & ROSENBLUM, Norfolk, Virginia,
for Appellant.  Chuck Rosenberg, United States Attorney, Laura M.
Everhart, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Wheeler pled guilty to one count of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and ten counts of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced Wheeler at the low end of his advisory guideline range to 235 months in prison and five years of supervised release. On appeal, Wheeler contends the district court erred in imposing a sentence under the belief that the sentencing guidelines were mandatory. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). "A district court's reasons for not applying the properly calculated Guideline range must be based on the

factors listed in § 3553(a)." Id. at 456. A sentence within a properly calculated guideline range is presumptively reasonable. Id. at 457. A sentence will be found unreasonable and vacated if it is "imposed outside the Guideline range and the district court provides an inadequate statement of reasons or relies on improper factors in departing from the Guidelines' recommendation." Id.

We conclude the record does not support Wheeler's claim that the district court believed the guidelines were mandatory, and the court did not err in sentencing him at the low end of his guideline range. The court correctly informed Wheeler that "while the sentencing guidelines are advisory" the court would "give great consideration to the sentence that the guidelines recommend." After properly calculating the guideline range, the court heard from the parties as to whether a guideline sentence of 235 to 293 months served the factors set forth under 18 U.S.C. § 3553(a). The Government argued a sentence within the advisory guideline range was appropriate. Wheeler requested leniency and argued there was "some reason for the Court to deviate from the guidelines."

Considering Wheeler's history and characteristics, the court determined that he was not significantly more deserving of a lower sentence than the typical defendant whose crime and history had produced his guideline range. See United States v. Perez-Pena, 453 F.3d 236, 245 (4th Cir.), cert. denied, 127 S. Ct. 542 (2006). Although Wheeler had shown initiative by graduating from college

and had the support of family and friends, he was also responsible for distributing a significant quantity of cocaine beginning while he was on supervised release on a prior conviction for conspiracy to commit witness retaliation.  While the district judge stated his "personal view" was that 235 months was too severe, he recognized the need for uniformity in sentencing and concluded the § 3553(a) factors did not support a variance sentence in Wheeler's case.

Accordingly, we affirm Wheeler's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED